UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORY COPELIN, #373223,

                Plaintiff,

-against-

SUFFOLK COUNTY, DET. LINDA A. LOLLO,
DET. KENNETH A. MICHAELS, DET. THOMAS
WYNNE #1361, and MCDERMOTT #1068,
                Defendants.
------------------------------------------------------------X
CORY COPELIN, #373223,

                Plaintiff,

-against-

SUFFOLK COUNTY, DET. LINDA A.
LOLLO #5082, DET. KENNETH A. MICHAELS,
DET. THOMAS WYNNE #1361, and
DET. MCDERMOTT #1068,
                Defendants.
------------------------------------------------------------X

ORDER
13-CV-0507(SJF)(AKT)


FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 01 2013   ★

LONG ISLAND OFFICE

13-CV-2819 (SJF)(AKT)

FEUERSTEIN, District Judge:

On January 25, 2013, incarcerated *pro se* plaintiff Cory Copelin ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Suffolk County Police Department ("SCPD"), Det. Linda A. Lollo ("Det. Lollo"), and Det. Kenneth A. Michaels ("Det. Michaels"), accompanied by an application to proceed *in forma pauperis*. That action was assigned docket number 13-CV-0507 ("the first action"). On March 25, 2013, plaintiff filed an amended complaint in the first action, *inter alia*, naming the County of Suffolk ("the County"), Det. Thomas Wynne #1361 ("Det. Wynne") and McDermott #1068 ("Det. McDermott") as additional defendants.

1

On May 10, 2013, plaintiff filed a second civil rights complaint in this Court pursuant to Section 1983 against the County, the SCPD and Detectives Lollo, Michaels, Wynne and McDermott (collectively, "the individual defendants"), accompanied by an application to proceed *in forma pauperis*. That action was assigned docket number 13-CV-2819 ("the second action").

By order dated May 15, 2013, plaintiff's application to proceed *in forma pauperis* in the first action was granted; plaintiff's claims against the SCPD in the first action were dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted; plaintiff's claims against the County, Det. Michaels and Det. McDermott in the first action were dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted; and plaintiff was granted leave to file a second amended complaint in the first action to re-plead his claims against the County, Det. Michaels and Det. McDermott, provided such second amended complaint was filed on or before June 18, 2013.

On June 5, 2013, plaintiff filed a second amended complaint ("SAC") in the first action in accordance with the May 15, 2013 order and filed an amended complaint in the second action, *inter alia*, omitting his claims against the SCPD.

Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint in the second action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* in the second action is GRANTED. However, for the reasons set forth below, the first action and the second action are consolidated for all purposes and plaintiff's claims against the County are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

-2-

I. The Complaints[1]

   A. The SAC in the First Action

Plaintiff alleges that on or about October 4, 2012, at approximately 9:56 p.m., he was seated in a motor vehicle at 1730 North Ocean Avenue with two (2) other individuals, Patricia Newell ("Newell") and Richard Scaffuzzo ("Scaffuzzo"), when they were "accosted" by Det. Lollo and Det. Michaels. (Statement of Claim Attached to SAC ["Stat. of Claim"], ¶ 1). According to plaintiff, he was ordered to lean forward at gunpoint, then he was cuffed, dragged out of the vehicle and "laid down face first on wet ground." (Stat. of Claim, ¶¶ 1-2). Plaintiff alleges that he "watched helplessly" as Det. Lollo and Det. Michaels dragged Newell out of the car and, in the presence of Det. Wynne, Det. McDermott and "other unnamed uniform police officers," "unbutton[ed] her pants and pulled them down to her knees and looked between her legs and in her panies [sic]." (Stat. of Claim, ¶ 2). According to plaintiff, he "was then stood up at rear of vehicle 'pat frisked' then watched as the vehicle was searched twice with negative results." (Stat. of Claim, ¶ 3). Det. Michaels then held plaintiff's "cuffed hand up" while Det. Lollo "undid [his] pants and made an intrusion and went on further to make sexual contact [and] stated 'I'm lookin [sic] for evidence.'" Id. Plaintiff was then instructed to take off his boot "and stand on wet ground while he was violated until Det. Lollo got what she was lookin [sic] for." (Stat. of Claim., ¶ 4). According to plaintiff, Det. Lollo then said: "You didn't think I would go in there and get it did you." Id.

---

[1] All material allegations in the SAC in the first action and amended complaint in the second action are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

-3-

Upon his arrival at the Sixth Precinct, plaintiff was "placed in room with all benches and was subjected to stereotypical and racially discriminative [sic] remarks [by Det. Lollo and other unknown individuals] about 'stupid white people' and how the 'stupid whiteboy got into car with money in his hand' that's why all this happened * * *." (Stat. of Claim, ¶ 5). According to plaintiff, two (2) male officers, under Det. McDermott's supervision, then strip searched him again, but found no contraband. (Stat. of Claim, ¶ 6).

Plaintiff alleges that "while Det. Wynne was writing statement about events he intentionally and outrageously abused his power and authority to cover up the conduct motivated by evil with callous indifference to others." (Stat. of Claim, ¶ 7). According to plaintiff, upon his return to the room with the benches, he was "subjected once again to the racial slurs and discrimination reprehensible behavior of Det. Lollo without the intervention of other named officers and the gross negligence of supervising of subordinates by Det. McDermott." (Stat. of Claim, ¶ 8).

Plaintiff alleges that "[a]ll named individuals carried out these acts in individual and Professional capacity. And were Hired and trained by Suffolk County." (Stat. of Claim, at p. 2). Plaintiff asserts claims for assault, battery, sexual contact, intentional or reckless infliction of emotional distress, "malicious arrest," gross negligence in supervising subordinates and excessive force. (SAC, ¶ IV.A). As injuries, plaintiff claims mental anguish and that he has "been seeking help through Mental health Services." Id. Plaintiff seeks: (a) compensatory, punitive and "monetory [sic]" damages, as well as damages for "constitutional injury," in the amount of twenty-five million dollars ($25,000,000.00) each, for a total damages award of one hundred million dollars ($100,000,000.00); and (b) an order of protection against defendants. (SAC, ¶ V).

B. Amended Complaint in Second Action

Plaintiff alleges: (1) that on October 4, 2012, he was falsely arrested and imprisoned without probable or reasonable cause by the individual defendants; and (2) that on October 5, 2012, (a) he was unlawfully charged with criminal possession of a controlled substance in the fourth degree and two (2) counts of possession of a firearm by Det. Wynne, Det. Lollo and Det. Michaels, and under the supervision of Det. McDermott, and (b) he was arraigned in Suffolk County District Court and appointed counsel by the court. (Statement of Claim attached to Amended Complaint ["Stat. of Claim"], ¶¶ 1-3). According to plaintiff, his appointed counsel attempted to waive his due process and speedy trial rights, but he "exercised all rights guaranteed." (Stat. of Claim, ¶¶ 3-4). "Plaintiff then suffered 'Concious-Parrallism [sic]' in an effort to shut [him] up and keep him off the record; all while denying constitutional rights." (Stat. of Claim, ¶ 5). According to plaintiff, after he sent "numerous" letters and motions "to all parties," "realizing they had no 'plausible Deniability' all charges were dismissed in the 'Interest of Justice' by the District Attorneys Office." (Stat. of Claim, ¶ 6). Plaintiff alleges that he was "held against his will for over 7 months Incarcerated in the Nasty, disgusting and unconstitutional conditions at the Suffolk County Jail in Riverhead." (Stat. of Claim, ¶ 7).

Plaintiff asserts claims for malicious prosecution, intentional infliction of emotional distress, cruel and unusual punishment, false arrest, loss of liberty, false imprisonment, "sadistic treatment for the very purpose of causing harm, to inflict needless injury," and "[o]utrageous abuse of power and authority." (Amend. Compl., ¶ IV.A). As injuries, plaintiff claims only that he is "seeking treatment through mental health services." Id. Plaintiff seeks: (a) compensatory, punitive and "monetory [sic]" damages in the amount of three million dollars ($3,000,000.00) each, as well as damages for "constitutional injury" in the amount of six million dollars

($6,000,000.00), for a total damages award of fifteen million dollars ($15,000,000.00). (Amend. Compl., ¶ V).

II. Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: * * * consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990), and may consolidate actions under Rule 42(a) *sua sponte*. See Devlin, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, * * *, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations and citations omitted). Nonetheless, although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Chem One, Ltd. v. M/V RICKMERS GENOA, 660 F.3d 626, 642 (2d Cir. 2011); Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice * * *.") In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotations and citations omitted).

Both actions were recently filed, have not yet proceeded to discovery and involve similar allegations of purported civil rights violations by the same defendants relating to plaintiff's October 4, 2012 arrest and subsequent criminal prosecution, and there will be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, the first action and the second action are consolidated for all purposes. The actions will proceed under docket number 13-cv-0507 (the "lead case"), all papers filed in these actions shall henceforth bear only the lead case docket number and the second action, assigned docket number 13-cv-2819, shall be administratively closed.

III.  Claims against the County

Plaintiff's SAC filed in the first action fails to cure the pleading deficiencies identified in the May 15, 2013 order dismissing the claims against the County without prejudice, i.e., the SAC still fails to allege any facts supporting a reasonable inference that a municipal policy or custom caused any of the conduct of which he complains therein. Although plaintiff conclusorily alleges that the individual defendants were "hired and trained by the County," he alleges no facts in the SAC in the first action from which it may reasonably be inferred, *inter alia*, that a need for more or better supervision or training of the individual defendants was known or obvious to any policymaking official of the County or SCPD.

Likewise, plaintiff's amended complaint filed in the second action fails to allege any facts

supporting a reasonable inference that a municipal policy or custom caused any of the conduct of which he complains therein. Neither the SAC in the first action nor the amended complaint in the second action alleges: (1) the existence of a formal policy which is officially endorsed by the County or SCPD; (2) actions taken or decisions made by County or SCPD policymaking officials which caused the alleged violations of his civil rights; (3) a County or SCPD practice so persistent and widespread as to practically have the force of law; or (4) any facts tending to support an inference that he was caused constitutional injury by the failure of County or SCPD policymakers to properly train or supervise the individual defendants. Accordingly, for the reasons set forth in the May 15, 2013 order, plaintiff's Section 1983 claims against the County in both the SAC filed in the first action and the amended complaint filed in the second action are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

A.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a *pro se* complaint, a district court should

not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Although plaintiff has already been given an opportunity to amend his claims against the County in the first action in order to cure the pleading deficiencies identified in the May 15, 2013 order, he has not been afforded an opportunity to amend the claims he seeks to assert against the County in the amended complaint filed in the second action. In light of the consolidation of the two (2) actions, plaintiff is granted leave to file an amended complaint in the consolidated action to correct the pleading deficiencies in all of his Section 1983 claims against the County, **provided that any such amended complaint is filed in the consolidated action on or before November 4, 2013**, or the Section 1983 claims against the County will be deemed dismissed with prejudice in their entirety. The amended complaint shall be designated as a "Third Amended Complaint" and shall bear only the lead case docket number.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* in the second action is granted; the first action and the second action are consolidated for all purposes, to proceed under the lead case docket number, 13-CV-0507; and plaintiff's claims against the County in both the SAC filed in the first action and amended complaint filed in the second action are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief **unless plaintiff files an amended complaint in the consolidated action in accordance with this Order on or before November 4, 2013.**

The Clerk of the Court shall: (1) issue summonses for the individual defendants; (2) forward copies of the summonses, the complaint in the second action and this Order to the United States Marshal Service for service upon the individual defendants without prepayment of fees; (3) close the action assigned docket number 13-cv-2819; and (4) serve notice of entry of this Order upon plaintiff in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**  s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:  October 1, 2013
Central Islip, New York